ENDSLEY *v.* ARKANSAS POWER & LIGHT COMPANY.

4-5042

Opinion delivered April 25, 1938.

*Cotton & Murray* and *Virgil D. Willis,* for appellant.
*J. Loyd Shouse* and *W. S. Walker,* for appellee.

HUMPHREYS, J. Appellant brought suit in the circuit court of Boone county to recover damages in the sum of $2,200 growing out of the breach of an alleged special guaranty made by appellee to him to the effect that the $4,400 it was paying to him for negligently killing his wife was for the loss of the consortium of his wife and no part of which was for damages due his wife's estate.

His complaint was, in substance, as follows:

That appellee agreed to pay him $4,400 for negligently causing the death of his wife and that appellee appeared in court on the 17th day of March, 1936, and paid said amount to appellant and guaranteed that the amount was for the loss of the consortium of his wife and guaranteed to protect him against any and all claims by any and all persons whomsoever; that he had no attorney and that appellee practiced fraud upon the appellant by drawing a precedent to the effect that he, James Mace Endsley, recovered $2,000 for the benefit of the estate of his wife, Lucille Vancil Endsley, and that he, as administrator of the estate of Lucille Endsley, deceased, recovered $2,400 for the benefit of the husband and next of kin of Lucille Vancil Endsley; that thereafter the probate court of Marion county, Arkansas, ordered him to pay to Matilda Estes, mother of his deceased wife, $2,200 and that he refused to comply with the order of the court and was indicted by the grand jury of Marion county, Arkansas, for embezzlement of funds and that he was finally brought into the probate court of Marion county and ordered to pay said amount to Matilda Estes; that fraud was practiced upon the court in procuring said judgment by representing before said court to him that the sum of $4,400 was to be paid to him in his own right in full settlement of the claim; that appellee guaranteed to him that this sum of $4,400 was for the loss of the consortium of his wife and further guaranteed to protect him from any and all claims by any and all persons whomsoever, and finally pleads that by reason of the fraudulent representation on the part of appellee and by reason of

the special guaranty he has been damaged in the sum of $2,200, for which sum he prays judgment against appellee.

On the 19th day of July, 1937, appellee filed the following demurrer to the complaint:

"(1)

That upon the face of plaintiff's complaint it is shown that the subject-matter of this action has been fully adjudicated by trial and judgment in a former suit in this court; and the present action is an attempt to re-adjudicate issues which were within the scope of the former trial and which were actually adjudicated; and that this court has no jurisdiction or power to entertain the present alleged cause of action.

"(2)

It is shown upon the face of plaintiff's complaint that his present alleged cause of action is a collateral attack upon a solemn judgment of this court, in an action properly pending in this court in which the court had proper jurisdiction of the subject-matter and of all the parties in interest; and this court has no power or jurisdiction to entertain this cause of action as a collateral attack on said judgment."

The demurrer was sustained by the court and appellant refused to plead further, whereupon his complaint was dismissed, from which is this appeal.

Appellant insists in the course of his argument that he is not attacking the judgment rendered in the Boone circuit court either directly or collaterally under which he received $4,400 from appellee, but contends that he is seeking to recover on a special guaranty made to him by appellee to the effect that the $4,400 it was paying to him was for the sole use and benefit of appellant for the loss of his wife and that it would guarantee that said amount would not be taken from him by the claim of any other person to any part thereof.

This special guaranty relied upon and made the basis of appellant's suit is not in accordance with the judgment he says he is not attacking directly or collaterally, but, on the contrary, is in conflict with it, and as long as the judgment stands appellee's suit to enforce his guaranty will not lie. In keeping with appellant's statement that

he is not attacking the judgment, he did not ask in this complaint that the judgment be set aside. His only remedy is to set the judgment aside for fraud practiced upon the court, and then sue for damages sustained by the breach of the alleged special guaranty, if same was breached.

The court, in sustaining the demurrer, did not give its reason for doing so, but it should have been sustained on the ground that the complaint failed to state a cause of action, without prejudice to appellant to bring suit to set the judgment aside.

The judgment is, therefore, affirmed.